BUCHARSKI *v.* BUCHARSKI.

Divorce—Separate Maintenance—Division of Property Held by Entireties Mandatory on Granting Absolute Decree, Although Not Asked For.

> Where a wife filed a bill for separate maintenance and permanent alimony, and a decree of absolute divorce was granted, the court had authority, under 3 Comp. Laws 1915, §§ 11416, 11438, to make a division of the property held by the parties as tenants by the entireties, although not asked for in the bill of complaint or answer in the nature of a cross-bill, since the effect of the statute is to make a division of property mandatory. Sharpe, J., dissenting, on the ground that the decree granted should have been from bed and board, as prayed for.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 11, 1928. (Docket No. 55, Calendar No. 33,684.) Decided January 7, 1929. Rehearing denied March 29, 1929.

Bill by Tillie Bucharski against Frank Bucharski for separate maintenance and permanent alimony.

Defendant filed a cross-bill for a divorce. From a decree of absolute divorce to plaintiff, she appeals. Modified and affirmed.

*Sargent & Posluszny* (*Clarence J. Dacey,* of counsel), for plaintiff.

*Joseph Bahorski* (*Edmund E. Shepherd,* of counsel), for defendant.

POTTER, J. Plaintiff filed a bill for separate maintenance and injunction, for permanent alimony, and for other relief. The defendant filed an answer in the nature of a cross-bill. Upon the trial there was no dispute but that plaintiff was, upon the proof, entitled to a decree, and the court granted a decree of absolute divorce instead of a decree for separate maintenance. The principal dispute arose over the disposition made of the property. At the time of the marriage of the parties, plaintiff was possessed of considerable money and property which she had acquired as the proceeds of insurance policies and from her former husband. Defendant had no real property, and plaintiff says he had no money. The defendant contends he had approximately $1,500 which he had saved. At the time the bill herein was filed, defendant was in the house of correction serving sentence for an assault committed upon plaintiff. Plaintiff has appealed from the decree rendered, and attorneys for defendant concede the trial court was in error in the amount due upon the mortgage upon the real estate which the court said was $3,000, when in fact there was but $2,600 due upon the mortgage; that he did not take into consideration the sum of $919.17 spent by plaintiff for various purposes specified in the record, and it is contended he was in error in the value of equity in the property

to the extent of approximately $1,400. Some other matters are in dispute. It is suggested no division of the property held by the parties as tenants by the entirety may be made, in the absence of a prayer in the bill of complaint or answer or cross-bill asking for the same, and any description of the lands so held. This would probably be true if section 11438, 3 Comp. Laws 1915, was the only statute in force. The effect of this statute is to make a division of property mandatory. Section 11416, 3 Comp. Laws 1915, provides the court, in lieu of a money allowance for alimony, may decree such a division between the husband and wife of the real and personal estate of the husband and wife by joint ownership or right, as he shall deem to be equitable and just. Tenancy by the entirety results from joint ownership between husband and wife. The court will divide the property of the parties. Plaintiff to have the real estate purchased and acquired by her, and pay defendant $2,000, upon the payment of which plaintiff will be entitled to a conveyance from him of his interest in the property held by the parties as tenants by the entirety, and if such conveyance is not made a certified copy of the decree herein may be filed in the office of the register of deeds as and for a conveyance thereof. In view of the disposition of the case, no costs will be allowed to either party.

North, C. J., and Fead, Fellows, Wiest, Clark, and McDonald, JJ., concurred with Potter, J.

Sharpe, J. (dissenting). In my opinion, a decree of divorce from bed and board should have been granted to plaintiff, as prayed for in her bill of complaint.